urday, November 17, 1990. Responses may be filed in typewritten form to be replaced with copies prepared in conformity with Rule 33 as soon as possible thereafter.

## NOVEMBER 16, 1990

No. A–360.   CLARK *v.* DUGGER, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS.   Application for stay of execution of sentence of death, presented to JUSTICE KENNEDY, and by him referred to the Court, denied.

JUSTICE MARSHALL, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 231 (1976), I would grant the application for stay of execution in order to give the applicant time to file a petition for writ of certiorari and would grant the petition and vacate the death sentence in this case.

## NOVEMBER 18, 1990

No. A–377.   CLARK *v.* FLORIDA.   Application for stay of execution of sentence of death, presented to JUSTICE KENNEDY, and by him referred to the Court, denied.

JUSTICE MARSHALL, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 231 (1976), I would grant the application for stay of execution in order to give the applicant time to file a petition for writ of certiorari and would grant the petition and vacate the death sentence in this case.

No. A–378.   CLARK *v.* DUGGER, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS.   Application for stay of execution of sentence of death, presented to JUSTICE KENNEDY, and by him referred to the Court, denied.

JUSTICE MARSHALL, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976), I would grant the application for stay of execution in order to give the applicant time to file a petition for writ of certiorari and would grant the petition and vacate the death sentence in this case.

No. 90–767 (A–370). CABLE NEWS NETWORK, INC., ET AL. *v.* NORIEGA ET AL. C. A. 11th Cir. Application to stay restraining orders of the United States District Court for the Southern District of Florida, presented to JUSTICE KENNEDY, and by him referred to the Court, denied. Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE O'CONNOR joins, dissenting.

The issue raised by this petition is whether a trial court may enjoin publication of information alleged to threaten a criminal defendant's right to a fair trial without *any* threshold showing that the information will indeed cause such harm and that suppression is the only means of averting it. The District Court in this case entered an order enjoining petitioner Cable News Network (CNN) from broadcasting taped communications between respondent Manuel Noriega, a defendant in a pending criminal proceeding, and his counsel. *United States* v. *Noriega*, 752 F. Supp. 1032 (1990). The court entered this order without any finding that suppression of the broadcast was necessary to protect Noriega's right to a fair trial, reasoning that no such determination need be made unless CNN surrendered the tapes for the court's inspection. The Court of Appeals affirmed this conclusion. 917 F. 2d 1543 (1990).

In my view, this case is of extraordinary consequence for freedom of the press. Our precedents make unmistakably clear that "'[a]ny prior restraint on expression comes to this Court with a "heavy presumption" against its constitutional validity,'" and that the proponent of this drastic remedy "'carries a heavy burden of showing justification for [its] imposition.'" *Nebraska Press Assn.* v. *Stuart*, 427 U. S. 539, 558 (1976), quoting *Organization for a Better Austin* v. *Keefe*, 402 U. S. 415, 419 (1971) (citations omit-